**From: The District Court of the 16th Judicial District. County of Custer.**

STATE OF MONTANA,
    Plaintiff,                                          No. DC-93-3631
vs.                                                     Decision
MICHAEL D. LAPAGLIA,
    Defendant.

On April 30, 2002, the defendant was sentenced to the following for violations of the conditions of deferred sentences for the offense of Sexual Assault, a felony (3 counts):   Count I:   Five (5) year commitment to the Department of Corrections; Count II: Five (5) year commitment to the Department of Corrections, to run concurrently with the sentence imposed in Count I; and Count III:  Five (5) year commitment to the Department of Corrections, to run consecutively to the sentences imposed in Counts I and II.

On November 14, 2002, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Dennis Corbin. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it.  The defendant was further advised that there is no appeal from a decision of the Sentence Review Division.  The defendant acknowledged that he understood this and stated that he wished to proceed.

The Division finds that the reasons advanced for modification are sufficient to hold that the sentence imposed by the District Court is clearly inadequate.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be modified as follows:  Count I: Five (5) year commitment to the Department of Corrections; Count II: Five (5) year commitment to the Department of Corrections, to be served consecutively to Count I; and Count III:  Five (5) year commitment to

the Department of Corrections, suspended, to be served consecutively to Count II. All of the terms of probation and parole as listed in the original judgment will still apply.

The original sentence failed to provide for a period of supervision beyond the period of parole. Given the parole restrictions, it would probably limit the amount of time the defendant could spend on parole.

Done in open Court this 14th day of November, 2002.

DATED this 11th day of December, 2002.

Chairman, Hon. David Cybulski; Member, Hon. Katherine R. Curtis and Member, Hon. Marc Buyske.